1 | **MICHAEL S. REEVES, ESQ.**
State Bar Number: 010420
2 | 1212 East Osborn
Phoenix, Arizona 85014
3 | Tel: [602] 604-7577
Fax: [602] 604-7555
4 | Attorney for Defendant MEDINA-NEVAREZ

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR05-0225-001-PHX-RGS |
| Plaintiff, | |
| Vs. | OBJECTION TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM |
| **JESUS MEDINA-NEVAREZ**, a/k/a Pablo Arreola-Medina a/k/a "Pablito"; | |
| Defendant. | |

Defendant, JESUS MEDINA-NEVAREZ, by and through undersigned counsel, hereby notes his objection to the presentence report and provides the Court with his sentencing recommendations.

The majority of the information used in the presentence report, which goes on to form the basis of the sentencing recommendation of the report writer, is not information that was proved at trial and therefore should be ignored by the Court in determining the sentence given to this Defendant. Paragraphs 1-13 were certainly not facts that were gleaned from the trial and evidence produced therein. This Defendant objects to, and the Court should reject, the inflammatory comments regarding other unproven activities which the Government claims pertain to the Defendant as described in paragraphs 4 and 5.

The Court should reject paragraph 21 regarding the effects of Sentencing Guideline 1B1.2(d) as it contradicts the new mandates of Blakely v. Washington, 542 U.S. 296 (2004) and U.S. v. Booker, 543 U.S. 220 (2005) regarding the need for jury findings of proof for enhancements. It is no longer enough for the Government to simply say that there were a certain number of people in a drop house; the jury needs to determine the number of people - victims

that will be used for sentencing purposes.

**As to Paragraphs 24 - 90:**

In <u>Blakely</u> the Supreme Court stated that the jury must determine the facts that the judge will later use to determine the sentence. <u>Blakely</u> is of particular importance in this case where the Government chose not to bring proof of crimes committed against 54 of the 56 alleged victims named and unnamed by the presentence report writer. Jorge Contreras-Nicanor and Abraham Farfan-Perez are the only two of the eight named victims who testified. There was no evidence, nor jury instructions regarding the other six of the named victims and no evidence regarding the unnamed victims 9 to 56. Further, the maximum sentence authorized by the statute, 18 U.S.C. 1203(b) is life, not multiple life sentences. Though the Guidelines may present the scenario wherein the Court could assess more than one life sentence, the Government chose to bring only one count of Conspiracy to Commit Hostage Taking and Hostage Taking and thus the available penalty is "any term of years or life", not multiple life sentences.

The lack of proof on victims 3-56 invalidates all of the counting activity engaged in by the presentence report writer. <u>Blakely</u> through <u>Booker</u> requires a specific jury finding of proof of not only the existence of the last 53 victims, but also the acts committed upon them. If there is no proof, then there is no availability of the information for increasing the penalty.

Further, on Counts 3 and 4 the maximum sentence under 8 U.S.C. 1324 is ten years in prison, not the life sentence recommended by the Guidelines.

The Guideline Calculation of the two named victims is also incorrect under <u>Blakely</u> and <u>Booker</u>. In order for the Government to have sought an increase in penalty for a "ransom demand", the jury would have to have made a specific finding of a ransom demand. No jury instruction was requested, thus there is no jury finding and accordingly there is no enhancement available. There was no jury finding of serious bodily injury to any victim. Next, there was no jury finding of vulnerable victim and thus no enhancement is available. As to the vulnerable victim enhancement, even the Guidelines then in effect stated that the "finder of fact" must reach

a determination on this area. In the instant case no jury instruction was sought and no finding was made by the jury. Finally, there was no jury finding of leadership role and thus the 4 level enhancement is not available. The leadership testimony was all over the board with each of the co-defendants pointing in a different direction. The one leader we are aware of still lives in Mexico.

**Conclusion**

This Defendant will receive a substantial sentence if the Court follows the admonitions of Blakely and Booker and uses the sentencing guidelines as advisory on the sentence. The guideline range for the hostage taking and alien smuggling suggests a sentence of 63-78 months with an additional seven years consecutive with the gun conviction.

Thus, the appropriate Sentencing Guideline range for the two named victims is a level 24, with a sentencing range of 57 to 71 months.

Dated: January 8, 2007

/s/     Michael S. Reeves
MICHAEL S. REEVES,
Attorney for Defendant MEDINA-NEVAREZ

CERTIFICATE OF SERVICE

I hereby certify that on this date, January 8, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECT registrants:

Lisa Settel,
Assistant U.S. Attorney

by:     /s/ Michael S. Reeves

I hereby certify that on January 8, 2007, I served this document by U.S. mail, fax and/or e-mail on the following, who is not a registered participant of the CM/ECF System:

Jeannie Moreno,
U.S. Probation Officer
401 West Washington Street, SPC 7
Phoenix, Az   85003-2154

/s/ Michael S. Reeves